TRINETTE G. KENT (State Bar No. 025180)
KENT LAW OFFICES
10645 North Tatum Blvd., Suite 200-192
Phoenix, AZ 85028
Telephone:  (480) 247-9644
Facsimile:  (480) 717-4781
E-mail: tkent@kentlawpc.com

*Attorneys for Plaintiff,*
*Eddie Soto*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Eddie Soto, | Case No.: |
| Plaintiff, | |
| vs. | **COMPLAINT** |
| Trans Union, LLC,<br>a Delaware limited liability company;<br>Experian Information Solutions, Inc.,<br>an Ohio corporation, and<br>Xerox Education Services, LLC,<br>a Delaware corporation, | **JURY TRIAL DEMAND** |
| Defendants. | |

1

NOW COMES THE PLAINTIFF, EDDIE SOTO, BY AND THROUGH

COUNSEL, TRINETTE G. KENT, and for his Complaint against the Defendants,

pleads as follows:

## JURISDICTION

1. Jurisdiction of this court arises under 15 U.S.C. §1681p.

2. This is an action brought by a consumer for violation of the Fair Credit

   Reporting Act (15 U.S.C. §1681 et. seq [hereinafter "FCRA"] ).

## VENUE

3. The transactions and occurrences which give rise to this action occurred in the

   City of Tolleson, Maricopa County, Arizona.

4. Venue is proper in the District of Arizona, Phoenix Division.

## PARTIES

5. The Defendants to this lawsuit are:

   a. Trans Union, LLC ("Trans Union"), which is a Delaware company that

      maintains a registered agent in Maricopa County, Arizona;

   b. Experian Information Solutions, Inc., ("Experian"), which is an Ohio

      company that maintains a registered agent in Maricopa County, Arizona;

      and

2

c.  Xerox Education Services, LLC, ("Xerox"), which is a Delaware company that maintains a registered agent in Maricopa County, Arizona.

## GENERAL ALLEGATIONS

6. Defendants Experian and Trans Union are improperly reporting late payments on two trade lines known as ACS/Wells Fargo (Xerox) with account number 466615**** ("Trade Line 1") and ACS Education Services (Xerox) with account number 999995**** ("Trade Line 2" and collectively "Errant Trade Lines").

7. Mr. Soto only had one student loan prior to the events of his case, and that loan has continuously been in deferment.

8. On or about July 9, 2014, Mr. Soto submitted letters to the Credit Reporting Agencies, disputing the 60 days late language on the Errant Trade Lines.

9. Upon information and belief, Defendants Experian and Trans Union each transmitted Mr. Soto's consumer dispute to ACS (Xerox).

10.  On or about August 13, 2014, Mr. Soto received the results of Experian's investigation in which it improperly retained Errant Trade Line 1 as "past due" as of January 2014.

11. On or about August 14, 2014, Mr. Soto received results of Trans Union's investigation, which showed that it had retained the erroneous "60 days late in January 2014" language on the Errant Trade Line 1.

3

12. On or about August 22, 2014, Mr. Soto submitted another dispute letter to Experian and Trans Union regarding the "60 days late language" on the Errant Trade Lines.

13. On or about September 30, 2014, Mr. Soto received results of Trans Union's reinvestigation showing that it continued to report Errant Trade Line 1 as having a late payment made in January 2014.

14. On or about October 1, 2014, Mr. Soto received results of the reinvestigation from Experian, which showed that Mr. Soto was 60 days late in the payment history section on the Errant Trade Line 2.

15. On or about October 4, 2014, Mr. Soto submitted yet another dispute letter to the Credit Reporting Agencies regarding the late payment language on the Errant Trade Lines.

16. Mr. Soto did not receive any type of reinvestigation result from Experian or Trans Union regarding his October 4, 2014 dispute letter.  On November 2, 2014, he sent yet another dispute letter to Experian and Trans Union in an attempt to get the erroneous derogatory language removed from the Errant Trade Lines.

17. On or about November 2, 2014, Mr. Soto submitted a dispute letter directly to ACS/Wells Fargo (Xerox) regarding the late payment language on the Errant Trade Line 1.

4

18. On or about December 3, 2014, Trans Union sent Mr. Soto results of its reinvestigation regarding the Errant Trade Line 1.  This also showed that Trans Union had continued to report this Errant Trade Line as 60 days late in January 2014.

19. On or about December 23, 2014, Experian sent Mr. Soto results of its investigation, which again showed that it had retained the "60 days past due in January 2014" language on the Errant Trade Line 2.

20. On or about February 2, 2015, Mr. Soto submitted yet another dispute letter to both Experian and Trans Union disputing the late payment remarks on the Errant Trade Line.

21. On or about March 4, 2015, Mr. Soto received results of the investigation from Experian, which showed that it had retained the 60 days late language in February 2014 on the Errant Trade Line 2.

22. On or about March 20, 2015, Plaintiff obtained his Trans Union credit report, which also showed that it had retained the 60 days late language in January 2014 on the Errant Trade Line 1.

# COUNT I

## NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT BY XEROX

23. Plaintiff realleges the above paragraphs as if recited verbatim.

24. After being informed by Experian and Trans Union of Mr. Soto's consumer disputes to the Errant Trade Lines, Xerox negligently failed to conduct a proper reinvestigation of Mr. Soto's disputes as required by 15 USC 1681s-2(b).

25. Xerox negligently failed to review all relevant information available to it and provided by Experian and Trans Union in conducting its reinvestigation as required by 15 USC 1681s-2(b).  Specifically, it failed to direct Experian and Trans Union to remove the erroneous late payment language on the Errant Trade Lines.

26. The Errant Trade Lines are inaccurate and create a misleading impression on Mr. Soto's consumer credit file with Experian and Trans Union to which it is reporting such trade line.

27. As a direct and proximate cause of Xerox's negligent failure to perform its duties under the FCRA, Mr. Soto has suffered damages, mental anguish, suffering, humiliation, and embarrassment.

28. Xerox is liable to Mr. Soto by reason of its violations of the FCRA in an amount to be determined by the trier fact together with reasonable attorneys' fees pursuant to 15 USC 1681o.

29. Mr. Soto has a private right of action to assert claims against Xerox arising under 15 USC 1681s-2(b).

**WHEREFORE, PLAINTIFF PRAYS** that this court grant him a judgment against Xerox for damages, costs, interest, and attorney's fees.

## COUNT II

### WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT BY XEROX

30. Plaintiff realleges the above paragraphs as if recited verbatim.

31. After being informed by Experian and Trans Union that Mr. Soto disputed the accuracy of the information it was providing, Xerox willfully failed to conduct a proper reinvestigation of Mr. Soto's dispute.

32. Xerox willfully failed to review all relevant information available to it and provided by Experian and Trans Union as required by 15 USC 1681s-2(b).

33. As a direct and proximate cause of Xerox's willful failure to perform its respective duties under the FCRA, Mr. Soto has suffered damages, mental anguish, suffering, humiliation, and embarrassment.

34. Xerox is liable to Mr. Soto for either statutory damages or actual damages he has sustained by reason of its violations of the FCRA in an amount to be determined by the trier fact, together with an award of punitive damages in the amount to be determined by the trier of fact, as well as for reasonable attorneys' fees that he may recover therefore pursuant to 15 USC 1681n.

**WHEREFORE, PLAINTIFF PRAYS** that this court grant him a judgment against Xerox for the greater of statutory or actual damages, plus punitive damages, along with costs, interest, and attorneys' fees.

## COUNT III

### NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT BY TRANS UNION

35. Plaintiff realleges the above paragraphs as if recited verbatim.

36. Defendant Trans Union prepared, compiled, issued, assembled, transferred, published, and otherwise reproduced consumer reports regarding Mr. Soto as that term is defined in 15 USC 1681a.

37. Such reports contained information about Mr. Soto that was false, misleading, and inaccurate.

38. Trans Union negligently failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information it reported to one or more third parties pertaining to Mr. Soto, in violation of 15 USC 1681e(b).

39. After receiving Mr. Soto's consumer disputes to the Errant Trade Line, Trans Union negligently failed to conduct a reasonable reinvestigation as required by 15 U.S.C. 1681i.

40. As a direct and proximate cause of Trans Union's negligent failure to perform its duties under the FCRA, Mr. Soto has suffered actual damages, mental anguish and suffering, humiliation, and embarrassment.

8

41. Trans Union is liable to Mr. Soto by reason of its violation of the FCRA in an amount to be determined by the trier fact together with his reasonable attorneys' fees pursuant to 15 USC 1681o.

**WHEREFORE, PLAINTIFF PRAYS** that this court grant him a judgment against Trans Union for actual damages, costs, interest, and attorney's fees.

## COUNT IV

### WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT BY TRANS UNION

42. Plaintiff realleges the above paragraphs as if recited verbatim.

43. Defendant Trans Union prepared, compiled, issued, assembled, transferred, published, and otherwise reproduced consumer reports regarding Mr. Soto as that term is defined in 15 USC 1681a.

44. Such reports contained information about Mr. Soto that was false, misleading, and inaccurate.

45. Trans Union willfully failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information that it reported to one or more third parties pertaining to Mr. Soto, in violation of 15 USC 1681e(b).

46. After receiving Mr. Soto's consumer disputes to the Errant Trade Line, Trans Union willfully failed to conduct a reasonable reinvestigation as required by 15 U.S.C. 1681i.

47. As a direct and proximate cause of Trans Union's willful failure to perform its duties under the FCRA, Mr. Soto has suffered actual damages, mental anguish and suffering, humiliation, and embarrassment.

48. Trans Union is liable to Mr. Soto by reason of its violations of the FCRA in an amount to be determined by the trier of fact together with his reasonable attorneys' fees pursuant to 15 USC 1681n.

**WHEREFORE, PLAINTIFF PRAYS** that this court grant him a judgment against Trans Union for the greater of statutory or actual damages, plus punitive damages, along with costs, interest, and attorneys' fees.

## <u>COUNT V</u>

### NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT BY EXPERIAN

49. Plaintiff realleges the above paragraphs as if recited verbatim.

50. Defendant Experian prepared, compiled, issued, assembled, transferred, published, and otherwise reproduced consumer reports regarding Mr. Soto as that term is defined in 15 USC 1681a.

51. Such reports contained information about Mr. Soto that was false, misleading, and inaccurate.

52. Experian negligently failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information it  reported to one or more third parties pertaining to Mr. Soto, in violation of 15 USC 1681e(b).

53. After receiving Mr. Soto's consumer disputes to the Errant Trade Line, Experian negligently failed to conduct a reasonable reinvestigation as required by 15 U.S.C. 1681i.

54. As a direct and proximate cause of Experian's negligent failure to perform its duties under the FCRA, Mr. Soto has suffered actual damages, mental anguish and suffering, humiliation, and embarrassment.

55. Experian is liable to Mr. Soto by reason of its violation of the FCRA in an amount to be determined by the trier fact together with his reasonable attorneys' fees pursuant to 15 USC 1681o.

**WHEREFORE, PLAINTIFF PRAYS** that this court grant him a judgment against Experian for actual damages, costs, interest, and attorney's fees.

## COUNT VI

### WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT BY EXPERIAN

56. Plaintiff realleges the above paragraphs as if recited verbatim.

57. Defendant Experian prepared, compiled, issued, assembled, transferred, published, and otherwise reproduced consumer reports regarding Mr. Soto as that term is defined in 15 USC 1681a.

58. Such reports contained information about Mr. Soto that was false, misleading, and inaccurate.

11

59. Experian willfully failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information that it reported to one or more third parties pertaining to Mr. Soto, in violation of 15 USC 1681e(b).

60. After receiving Mr. Soto's consumer disputes to the Errant Trade Line, Experian willfully failed to conduct a reasonable reinvestigation as required by 15 U.S.C. 1681i.

61. As a direct and proximate cause of Experian's willful failure to perform its duties under the FCRA, Mr. Soto has suffered actual damages, mental anguish and suffering, humiliation, and embarrassment.

62. Experian is liable to Mr. Soto by reason of its violations of the FCRA in an amount to be determined by the trier of fact together with his reasonable attorneys' fees pursuant to 15 USC 1681n.

**WHEREFORE, PLAINTIFF PRAYS** that this court grant him a judgment against Experian for the greater of statutory or actual damages, plus punitive damages, along with costs, interest, and attorneys' fees.

**<u>JURY DEMAND</u>**

Plaintiff hereby demands a trial by Jury.

1

DATED: March 25, 2015                          KENT LAW OFFICES

2

3

4                                              By:   /s/   Trinette G. Kent
                                               Trinette G. Kent
5

6                                              Attorneys for Plaintiff,
                                               Eddie Soto
7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

13